**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **WILHELMINA BROWN, KENTON** | ) | |
| **JOHNSON and NIKIA DUNBAR** | ) | |
| **on behalf of themselves** | ) | |
| **and others similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No. 17-cv-6396** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WORLDPAC, INC.,** | ) | **JURY DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiffs Wilhelmina Brown, Kenton Johnson, and Nikia Dunbar ("Plaintiffs") complain against Defendant Worldpac, Inc. ("Defendant"), alleging claims under the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the City of Chicago Minimum Wage Ordinance ("the "Ordinance").

## Introduction

1.      Defendant operates an automotive parts delivery service in the City of Chicago and the greater Chicagoland area. Defendant contracts with a third-party staffing company named Fleetgistics to hire many of its automotive parts delivery drivers. Though these drivers work full-time for Defendant and though Defendant exerts significant control over how the drivers perform their work, Defendant classifies the drivers as independent contractors, rather than employees.

2.      Defendant engages in this misclassification scheme to avoid paying payroll taxes, unemployment insurance, workers' compensation insurance, and statutorily-required wages, knowing full well that its delivery drivers were misclassified as independent contractors.

3.      Plaintiffs, on behalf of themselves and those similarly situated, seek to recover unpaid minimum wages, unpaid overtime premium wages, statutory damages and penalties, and attorney's fees and costs related to Defendant's illegal misclassification scheme.

## Parties

4.      Plaintiff Wilhelmina Brown ("Brown") has worked as an automotive parts delivery driver for Defendant from approximately the end of May 2016 to the present.  Brown's FLSA consent form is attached as Exhibit A.

5.      Plaintiff Kenton Johnson ("Johnson") has worked as an automotive parts delivery driver for Defendant from approximately June 2015 to the present.  Johnson's FLSA consent form is attached as Exhibit B.

6.      Plaintiff Nikia Dunbar ("Dunbar") worked as an automotive parts delivery driver for Defendant from approximately April 3, 2017 until May 17, 2017 out of its Burr Ridge location.  Dunbar's FLSA consent form is attached as Exhibit C.

7.      Defendant Worldpac, Inc. ("Worldpac") is a Delaware Corporation operating in Illinois as a registered foreign corporation. Worldpac operates the following four Illinois locations: (1) 144 Tower Drive, Burr Ridge, IL 60527; (2) 1041 W. Jackson Boulevard, Chicago, IL 60607; (3) 6605 W. Montrose Avenue, Chicago, IL 60634; and (4) 710 E. State Parkway, Schaumburg, IL 60173.

8.      During relevant times, Defendant constituted an "enterprise engaged in commerce" as that term is defined in the FLSA because it had at least two employees, those employees handled goods moving in commerce, and Defendant had an annual dollar volume of sales or business done of at least $500,000.

**Jurisdiction and Venue**

9.      The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28

U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. § 1367.

10.     Venue is proper in this district because, at all relevant times, Defendant employed

Plaintiff in this judicial district.

**Facts**

11.     Brown has worked for Defendant as an automotive parts delivery driver from

approximately the end of May 2016 to the present.

12.     Brown worked out of Defendant's downtown Chicago location from the end of

May 2016 to February 2017; the Burr Ridge location from February 2017 to June 2017; and the

downtown Chicago location from June 2017 to the present. Defendant's employment practices as

they pertained to their delivery drivers were the same at all of these locations.

13.     Johnson has worked for Defendant as an automotive parts delivery driver from

approximately June 15, 2015 until the present out of its downtown Chicago location.

14.     Dunbar worked for Defendant as an automotive parts delivery driver from

approximately April 3, 2017 until May 12, 2017 out of its Burr Ridge location.

15.     Brown, Johnson, and Dunbar worked for Defendant through a staffing agency

named Fleetgistics.

16.     Defendant did not ensure that Plaintiffs or the other delivery drivers received the

minimum wage for all hours worked.

17. At all relevant times, Plaintiffs and the other delivery drivers received a flat daily rate of pay for their work for Defendant, regardless of the number of hours worked or the number of deliveries made.

18. When they worked for Defendant, Plaintiffs received between $119--$140 per day. Brown currently makes $128.31 per day working out of the downtown Chicago location. Johnson currently makes approximately $140 per hour working out of the downtown Chicago location. Plaintiff Dunbar earned approximately $119 per day when she worked at the Burr Ridge office.

19. Brown currently works about 9.5 hours per day out of Defendant's downtown Chicago location, five days a week – or about 47.5 hours per week.

20. When she worked out of Defendant's Burr Ridge location, Brown worked about 50-55 hours per week.

21. During an average week, when Brown worked out of Burr Ridge, she drove her car approximately 120 to 150 miles per day making deliveries for Defendant. During an average week when Brown works for Defendant out of downtown Chicago, she drives her car approximately 60 to 70 miles per day making deliveries.

22. Brown uses her own vehicle to make deliveries. Defendant never reimbursed Brown for her mileage expenses or for any of the other driving expenses. Her effective hourly wage when working at Defendant's Burr Ridge location was $6.00 per hour or less.

23. Johnson currently works between 9-10.5 hours per day out of the downtown Chicago location, five days a week – or about 45-55 hours per week.

24. During an average week, when Johnson works for Defendant, he drives his car approximately 110-120 miles per day making deliveries for Defendant.

4

25.    Johnson uses his own vehicle to make deliveries. Defendant never reimbursed Johnson for his mileage expenses or for any of the other driving expenses. His effective hourly wage is less than $8.00 per hour.

26.    During each workweek from April 10, 2017 until May 12, 2017, Dunbar worked for Defendant more than 42 hours.

27.    From April 10, 2017 until May 12, 2017, Dunbar drove at least 500 miles each workweek performing deliveries for Defendant, and she earned approximately $600 per week. Her effective hourly wage was less than $8.00 per hour.

28.    The IRS standard mileage rates for operating an automobile for business purposes was 54 cents per mile in 2016, and is 53.5 cents per mile in 2017.

29.    During relevant times, Plaintiffs and the other delivery drivers never received one-and-a-half times their regular rate for hours worked in excess of forty in a workweek for Defendant.

**Defendant Controlled How Plaintiffs and Other Delivery Drivers Performed Their Jobs.**

30.    Defendant classified all of its delivery drivers, including Plaintiffs, as independent contractors despite exerting significant control over the manner in which they performed their work.

31.    Defendant required all of its delivery drivers, including Plaintiffs, to report to Worldpac's managing supervisor of the warehouse at the beginning of the day, to be accountable to that managing supervisor throughout the day, and to report back to the warehouse at the end of the day.

32.    Defendant assigned Plaintiffs and the other delivery drivers the automotive parts deliveries that they would make each day.

33.     Defendants required Plaintiffs and the other drivers to perform all deliveries that management assigned to them throughout the course of the day. Plaintiffs and the other drivers were not allowed to turn down deliveries or decide the number of deliveries that they would perform in one day.

34.     Defendant tracked the location of all of its delivery drivers, including Plaintiffs, throughout the day and reprimanded drivers including Plaintiffs if Defendant believed they were taking too long at a particular location or going to an unassigned location.

35.     Defendant provided Plaintiffs and the other drivers tools necessary to perform their jobs, including a Worldpac scanner to record deliveries, while requiring Plaintiffs and the other drivers to provide their own vehicles, gasoline, vehicle insurance, and mobile phone.

36.     Plaintiffs performed a portion of their work each day at Defendant's warehouse.

37.     Other delivery drivers performed the same exact work as Plaintiffs, but Defendant classified those drivers as employees.

## Collective and Class Allegations

38.     Plaintiffs bring the claims set forth in Counts I and II, alleging violations of the FLSA minimum wage and overtime provisions, as an opt-in representative or collective action on behalf of themselves and an **"FLSA Class,"** consisting of all delivery drivers who worked for Worldpac between September 5, 2014 and the present at one of the four Worldpac locations around Chicago.

39.     Plaintiffs bring the claims set forth in Count III and IV, alleging violations of the IMWL minimum wage and overtime provisions, as a Rule 23 class action on behalf of themselves and an **"IMWL Class,"** consisting of all delivery drivers who worked for Worldpac

between September 5, 2017 and the present at one of the four Worldpac locations around Chicago.

40.    Plaintiffs Brown and Johnson bring the claims set forth in Count V, alleging violations of the Chicago minimum wage ordinance, as a Rule 23 class action on behalf of themselves and a **"Chicago Minimum Wage Class,"** consisting of all delivery drivers who worked for Worldpac between July 1, 2015 and the present out of Worldpac's 1041 W. Jackson Blvd. or 6605 W. Montrose Ave. locations.

41.    The classes defined above satisfy the requirements of 29 U.S.C. § 216(b) and Rule 23 of the Federal Rules of Civil Procedure.

42.    The Rule 23 Classes described above are so numerous and geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court. On information and belief, each of the Classes include at least 40 delivery drivers.

43.    Common questions of law and fact predominate over individual issues affecting only individual class members. The common questions of law and fact include, among others, the following:

   a.    Whether Defendant had a common policy of misclassifying drivers as independent contractors for purposes of the IMWL;

   b.    Whether Defendant paid Plaintiffs and the putative Class Members less than the federal, state, and City of Chicago minimum wages; and

   c.    Whether Defendant paid Plaintiffs overtime premium pay for hours worked in excess of forty in a workweek.

44.    Plaintiffs will fairly and adequately protect the interests of all class members. Plaintiff Brown and Johnson are members of each Subclass, and Plaintiff Dunbar is member of the FLSA and IMWL Classes. Plaintiffs' claims are typical of the claims of all class members.

Plaintiffs' interests in obtaining monetary relief for Defendant's violations of the class members' rights is consistent with and not antagonistic to those of any person within the classes.

45.     Plaintiffs have retained counsel competent and experienced in complex and class action litigation.

46.     A class action is superior to other methods for the fair and efficient adjudication of the controversy alleged in this Complaint. Class action treatment will permit a large number of similarly situated persons to prosecute their modest, common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.

47.     The Court is not likely to encounter any difficulties that would preclude it from maintaining this case as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Individualized litigation also would present the potential for inconsistent or contradictory judgments.

### Count I – Fair Labor Standards Act – Minimum Wage Claim
### (On Behalf of Brown Against Worldpac)

48.     Plaintiff Brown incorporates all prior allegations as if fully stated herein.

49.     Defendant employed Plaintiffs and other putative class members because they permitted them to deliver automotive parts and exerted substantial control over the manner in which the delivery drivers performed their work.

50.     Plaintiff Brown and other putative class members received less than $7.25 per hour for all hours worked in a workweek for Defendant.

51.     Defendant's FLSA violations were willful.

### PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendant and issue an order:

a.     Certifying this case as a collective action pursuant to 29 U.S.C. § 216(b);

b.     Entering judgment in the amount of all unpaid minimum wages due and owing to Plaintiffs and putative class members as well as all applicable liquidated damages;

c.     Declaring that Defendant's conduct violated the FLSA;

d.     Awarding Plaintiffs and putative class members their reasonable attorneys' fees and costs of this action;

e.     Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f.     Awarding such other and further relief as this Court deems appropriate and just.

### Count II – Fair Labor Standards Act – Overtime Claim
### (On Behalf of All Plaintiffs Against Worldpac)

52.     Plaintiffs incorporate all prior allegations as if fully stated herein.

53.     Defendant employed Plaintiffs and other putative class members because they permitted them to deliver automotive parts and exerted substantial control over the manner in which the delivery drivers performed their work.

54.     Plaintiffs and other putative class members regularly worked more than forty hours per week for Defendant.

55.     Plaintiffs and other putative class members never received time-and-a-half for hours worked over forty in a workweek for Defendant.

56.     Defendant's FLSA violations were willful.

### PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendant and issue an order:

a.     Certifying this case as a collective action pursuant to 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to Plaintiffs and putative class members as well as all applicable liquidated damages;

c. Declaring that Defendant's conduct violated the FLSA;

d. Awarding Plaintiffs and putative class members their reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other and further relief as this Court deems appropriate and just.

## Count III – Illinois Minimum Wage Law–Overtime Claim
### (On Behalf of All Plaintiffs Against Worldpac)

57. Plaintiffs incorporate all prior allegations as if fully stated herein.

58. Defendant employed Plaintiffs and other putative class members because it permitted them to deliver automotive parts and exerted substantial control over the manner in which the delivery drivers performed their work.

59. Plaintiffs and putative class members frequently worked for Defendant in excess of forty hours in a workweek.

60. Plaintiffs and other putative class members never received one-and-a-half times their regular rate of pay for hours worked in excess of forty in a workweek for Defendant.

## PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendant and issue an order:

a. Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Appointing Plaintiffs as the representative of the IMWL Overtime class;

c. Appointing the undersigned counsel as class counsel;

d. Declaring that the actions complained of herein violate 820 ILCS 105/4;

    e.      Awarding Plaintiffs and putative class members unpaid wages due as provided by the IMWL;

    f.       Awarding pre-judgment interest on the back wages in accordance with 815 ILCS 205/2;

    g.      Awarding penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, pursuant to 820 ILCS 105/12(a);

    h.      Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

    i.       Awarding such other relief as this Court deems just and proper.

## Count IV – Illinois Minimum Wage Law–Minimum Wage Claim
### (On Behalf of Brown and Johnson Against Worldpac)

61.    Plaintiff Brown incorporates all prior allegations as if fully stated herein.

62.    Defendant employed Plaintiffs and other putative class members because it permitted them to deliver automotive parts and exerted substantial control over the manner in which the delivery drivers performed their work.

63.    Plaintiff Brown, Johnson, and other putative class members received less than $8.25 per hour for all hours worked in a workweek for Defendant

## PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendant and issue an order:

    a.      Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    b.      Appointing Plaintiffs Brown and Johnson as the representatives of the IMWL Overtime class;

    c.      Appointing the undersigned counsel as class counsel;

    d.      Declaring that the actions complained of herein violate 820 ILCS 105/4;

e.  Awarding Plaintiffs and putative class members unpaid wages due as provided by the IMWL;

f.  Awarding pre-judgment interest on the back wages in accordance with 815 ILCS 205/2;

g.  Awarding penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, pursuant to 820 ILCS 105/12(a);

h.  Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

i.  Awarding such other relief as this Court deems just and proper.

**Count V – Violation of the Chicago Minimum Wage Ordinance**
**(On Behalf of Brown and Johnson Against Worldpac)**

64.  Plaintiff Brown and Johnson incorporate by reference each of the preceding allegations as though fully set forth herein.

65.  Defendant employed Plaintiffs Brown, Johnson, and other putative class members because it permitted them to work at its Chicago facilities and exerted substantial control over the manner in which they performed their work.

66.  Defendant did not pay Plaintiff Brown, Johnson, or other putative class members the required Chicago minimum wage after July 1, 2015.

**PRAYER FOR RELIEF**

Plaintiffs Brown and Johnson ask the Court to enter judgment against Defendant and issue an order:

a.  Certifying this case as a class action pursuant to Rule 23;

b.  Appointing Plaintiffs Brown and Johnson as the representatives of the Chicago Minimum Wage Class;

c.  Appointing the undersigned counsel as class counsel;

d.      Declaring that the actions complained of violate Section 1-24-020 of the Chicago Minimum Wage Ordinance;

e.      Awarding Plaintiffs and putative class members unpaid wages due as provided by the Chicago Minimum Wage Ordinance, Section 1-24-110;

f.      Awarding penalties in the amount of three times of the amount of Plaintiff and putative class members' unpaid wages, pursuant to Section 1-24-110 of the Chicago Minimum Wage Ordinance;

g.      Awarding reasonable attorneys' fees and costs of this action as provided by the Chicago Minimum Wage Ordinance;

h.      Awarding such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues as to which a jury trial is available.


Respectfully submitted,

/s/Christopher J. Wilmes
One of the Attorneys for the Plaintiffs

Matthew J. Piers (Illinois Bar No. 2206161)
Christopher J. Wilmes (Illinois Bar No. 6287688)
HUGHES, SOCOL, PIERS, RESNICK & DYM, LTD.
Three First National Plaza
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
312-580-0100
mipers@hsplegal.com
cwilmes@hsplegal.com